UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KEVIN A. JOHANN<br><br>Plaintiff,<br><br>-v-<br><br>COMMONWEALTH FINANCIAL SYSTEMS, INC.<br><br>Defendant. | CASE NO.: 3:19-cv-00184<br><br>JUDGE:<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Kevin A. Johann, for his complaint against Commonwealth Financial Systems, Inc. ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. §§ 24-5-0.5 *et seq.* ("IDCSA"), as a result of Defendant's unlawful collection practices as more fully described in this complaint, *infra*.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Southern District of Indiana.

PARTIES

4. Plaintiff, Kevin A. Johann ("Mr. Johann"), is a natural adult person residing in Newburgh, Indiana, which lies within the Southern District of Indiana.

5. Mr. Johann is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Mr. Johann is a "person" as that term is defined by § 24-5-0.5(a)(2) of the IDCSA.

7. Defendant, Commonwealth Financial Systems, Inc. ("CFSI"), is a Pennsylvania corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, CFSI regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. CFSI is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9. CFSI is a "supplier" as that term is defined by § 24-5-0.5(a)(3) of the IDCSA.

10. CFSI acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

11. As Mr. Johann was checking his credit reports, he noticed an entry bearing CFSI's name that was reporting in an active collection status a consumer debt in the amount of $981.00 that was incurred originally to *Emergency Professionals of Indiana, P.C.* (the "Subject Debt"). Relevant pages from Mr. Johann's Experian credit report, dated July 11, 2019, are attached to this complaint as Exhibit A.

12. Mr. Johann also discovered that CFSI had updated its reporting of the Subject Debt appearing in his Experian credit report as recently as June 28, 2019. *See* Exhibit A.

13. Mr. Johann's credit report also reflected that the subject collection account would remain on his record until October 2019.  *See* Exhibit A.  Upon information and belief, as a collection account remains on a consumer report for seven (7) years from the date of first delinquency of the underlying debt, the Subject Debt fell into delinquency beginning in or around October 2012.  *See* Exhibit A; *see also* 15 U.S.C. § 1681c.

14. On or around July 11, 2019, Mr. Johann accessed CFSI's website to ascertain additional information concerning the collection account(s) appearing his credit report and the debt(s) CFSI was attempting to collect from him.  Screenshots of CFSI's webpages accessed by Mr. Johann are attached to this complaint as Exhibit B (the "Payment Portal").

15. CFSI attempted to collect the Subject Debt from Mr. Johann during his accessing of the Payment Portal, including stating, *inter alia*: (a) "Would you like to start resolving this debt?"; (b) "Find the option that's right for you"; (c) "Pay the balance in full if you can"; (d) "Negotiate to pay less if you cannot pay in full"; and (e) "Resolve debt over time if unable to negotiate a deal."  *See* Exhibit B.

16. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues."  *See* I.C. § 34-11-2-9.

17. Thus, given the applicable six (6) year statute of limitations and the fact that the Subject Debt fell into delinquency beginning in or around October 2012, as of July 11, 2019, the date Mr. Johann accessed CFSI's Payment Portal, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

18. Despite the time-barred status of the Subject Debt, at no point during Mr. Johann's accessing of the Payment Portal did CFSI disclose or explain to Mr. Johann that the Subject Debt was time-barred and/or that CFSI could not sue Mr. Johann to collect it.

19. Despite the time-barred status of the Subject Debt, at no point during Mr. Johann's accessing of the Payment Portal did CFSI disclose or explain to Mr. Johann that by paying, or even just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the Subject Debt, potentially subjecting Mr. Johann to further legal liability.

20. As of July 11, 2019, the Subject Debt was reporting as past due on Mr. Johann's credit report in an active collection status, having last been updated by CFSI on June 28, 2019. *See* Exhibit A.

21. After a reasonable time to conduct discovery, Mr. Johann believes he can prove that all actions taken by CFSI as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

22. In conjunction with CFSI's negative credit reporting of the Subject Debt, Mr. Johann was misled by the Payment Portal.

23. Mr. Johann justifiably fears that, absent this Court's intervention, CFSI will continue to attempt to collect the Subject Debt from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted financial harm.

24. Due to CFSI's conduct, Mr. Johann was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. Due to CFSI's conduct, Mr. Johann is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter CFSI and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

26. All prior paragraphs are incorporated into this count by reference.

27. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

28. CFSI violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f through its representations and/or omissions to Mr. Johann on the Payment Portal by attempting to collect the Subject Debt despite omitting the disclosure of material information to Mr. Johann regarding the Subject Debt's time-barred status and/or the potential legal consequences of Mr. Johann paying, or agreeing to pay, upon the subject time-barred debt.

29. CFSI knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Mr. Johann.

30. Such representations and/or omissions served only to confuse and intimidate Mr. Johann in the hopes that he waived his rights and affirmative defenses under the law. Mr. Johann

was unable to adequately determine the character and legal status of the Subject Debt based upon CFSI's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

31. As an experienced debt collector, CFSI knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be true, complete and accurate, especially when CFSI is attempting to collect time-barred debt.  CFSI had an obligation to accurately alert Mr. Johann as to his rights with respect to the subject time-barred debt, but skirted this obligation with deceptive and misleading representations and/or omissions.

32. As set forth in paragraphs 22 through 25 above, Mr. Johann has been harmed as a result of CFSI's unlawful collection practices as described in this complaint.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
*I.C. §§ 24-5-0.5-3(a) and (b)(20)*

33. All prior paragraphs are incorporated into this count by reference.

34. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction.  Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction.  An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."  I.C. § 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts:  The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)."  I.C. § 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

35. CFSI's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

36. CFSI engaged in unfair, abusive, and deceptive conduct in its transactions with Mr. Johann, in violation of I.C. §§ 24-5-0.5-3(a) and (b)(20), by attempting to collect the Subject Debt despite omitting the disclosure of material information to Mr. Johann regarding the Subject Debt's time-barred status, namely, that: (i) CFSI could no longer sue Mr. Johann to collect the Subject Debt; and/or (ii) that by making a payment to CFSI towards the Subject Debt, or even just agreeing to pay, Mr. Johann could revive the applicable statute of limitations as to the entire balance of the Subject Debt.

37. CFSI knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Mr. Johann.

38. CFSI intended that Mr. Johann rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Mr. Johann from exercising his rights.

39. As set forth in paragraphs 22 through 25 above, Mr. Johann has been harmed as a result of CFSI's unlawful collection practices as described in this complaint.

40. As such, Mr. Johann is entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kevin A. Johann, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and/or I.C. § 24-5-0.5-4(a)(1)(2); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 4th day of September, 2019.          Respectfully Submitted,

  /s/ Geoff B. McCarrell  
Geoff B. McCarrell #0086427  
David S. Klain #0066305  
CONSUMER LAW PARTNERS, LLC  
333 N. Michigan Ave., Suite 1300  
Chicago, Illinois 60601  
(267) 422-1000 (phone)  
(267) 422-2000 (fax)  
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

  /s/ Geoff B. McCarrell  
Geoff B. McCarrell #0086427  
CONSUMER LAW PARTNERS, LLC